UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER E. CAGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-01817-SGC |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Christopher E. Cagle, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for Supplemental Security Income ("SSI") benefits. Mr. Cagle timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). After consideration of the record and for the reasons stated below, the court is of the opinion that this action is due to be affirmed.

**I. Procedural History**

Mr. Cagle initially filed an application for SSI benefits on November 11, 2009 (protective filing date), alleging an inability to work because he is a slow learner. (R. 135, 164).[1] After the Social Security Administration ("SSA") denied his application, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 10, 2011. (R. 31, 52-54, 59). After the hearing, the ALJ found plaintiff had the severe impairment of mild mental retardation, but did not have an impairment or a combination or impairments listed in, or medically equivalent to,

---

[1] Reference to a record number ("R. ___ "), refers to the page number in the bound physical copy of the transcript of the entire record of the proceedings.

one listed in the Listings of Impairments. (R. 16). The ALJ found plaintiff also had the non-severe impairments of lower back pain, obesity, and hypertension. (*Id*). The ALJ specifically considered plaintiff's argument that he satisfied the criteria for Listing 12.05C but found plaintiff suffered from no severe impairment other than mild mental retardation. (R. 17). The ALJ also found the criteria for Listings 12.05A and D were not satisfied. (R. 17). Plaintiff appealed to the Appeals Council, which "found no reason under [its] rules to review the ALJ's decision" and therefore denied plaintiff's request for review. (R. 1). Thus, the ALJ's decision is the final decision of the Commissioner of Social Security. Plaintiff then filed the appeal in this court on September 30, 2013, seeking reversal of the Commissioner's decision. (Doc. 1; Doc. 15 at 12). On March 4, 2014, the parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 12).

## II. Factual Background

At the time he filed his application, Mr. Cagle was thirty-nine years old with a fifth grade education. (R. 24, 33). His only prior work experience was in the heavy unskilled category. (R. 42). He is illiterate, being unable to read or write more than his name. (R. 35). Plaintiff alleges he is unable to work because of trouble with his legs, back, and feet. (R. 38). He can stand for 30 minutes to an hour but only walk to his mailbox before needing to rest. (R. 39). A doctor told him he has high blood pressure, but he takes no medications. (R. 40).

### A. Plaintiff's Medical Records

Plaintiff's medical records consist of several consultative evaluations and one emergency room record when he was diagnosed with the flu. (R. 222-224). Plaintiff was seen by Dr. Dana K. Davis, Ph.D., for a psychological evaluation in December 2009. (R. 194). Dr. Davis noted that plaintiff was independent in his activities of daily living and had a driver's license. (R. 195).

Plaintiff's only physical complaint was that he "had trouble" with his feet and legs because his feet tended to crack open and bleed. (R. 195). Upon testing, plaintiff was found to have a Full Scale IQ score of 63. (R. 196). Dr. Davis believed plaintiff could respond appropriately to supervision in the right work setting but would need work where he was not required to read anything and where he felt comfortable with simple instructions and supervision. (R. 197).

Plaintiff was sent for a consultative physical examination with Dr. Jose Oblena, M.D. (R. 227). Dr. Oblena noted plaintiff used to receive disability because he could not read or write. (*Id.*). Upon examination, Dr. Oblena documented no physical problems but did diagnose plaintiff with high blood pressure and lower back pain. (R. 228). Dr. Oblena also completed a Physical Capacities Evaluation ("PCE") in which he noted plaintiff: (1) could lift 20 pounds occasionally; (2) could lift 10 pounds frequently; (3) could sit for 6 hours in an 8 hour work day; (4) could stand for 4 hours in an 8 hour work day; (5) should avoid dust and fumes; and (6) should only occasionally climb stairs, perform pushing and pulling movements, bend, and reach overhead. (R. 229). The only basis for these limitations was that plaintiff's "feet hurt on prolonged standing." (*Id.*). In completing a pain assessment, Dr. Oblena opined that plaintiff was limited by pain which would be exacerbated by physical activity. (R. 230). Although there is no evidence in the record that plaintiff takes any pain medication, Dr. Oblena believed the side effects of plaintiff's pain medication would cause some limitations. (*Id.*).

Plaintiff was again seen by Dr. Davis for an additional psychological examination in January 2012. (R. 232). Upon administering the Wechsler Memory Scale testing, Dr. Davis noted plaintiff put forth excellent effort. (R. 234). Plaintiff scored higher than his IQ score would have predicted, as the memory testing scores placed plaintiff in the low average range. (R. 234). Dr. Davis noted

these scores suggest no difficulties in the intermediate and short-term memory spheres. (R. 235). She concluded plaintiff's only mental limitation was mild mental retardation. (*Id.*). The Medical Source Statement completed by Dr. Davis notes plaintiff would have no limitations in understanding, remembering, and carrying out simple instructions, although he would have moderate to marked limitations with complex instructions. (R. 236).

Plaintiff was also sent to Dr. Morton Rickless, M.D., for a consultative musculoskeletal examination in January 2012. Dr. Rickless found no problems with plaintiff's cervical spine, upper extremities, or lower extremities. (R. 246-247). He noted mild balance scoliosis and tenderness in plainitff's lumbar spine. (R. 247). Dr. Rickless diagnosed plaintiff with chronic lower back pain, obesity, and hypertension but found plaintiff would have no limitations in work-related activities. (R. 247-248). Dr. Rickless also completed a PCE which suggested plaintiff was: (1) limited to lifting and carrying up to 20 pounds continuously and up to 50 pounds frequently; (2) limited to lifting up to 100 pounds rarely but never carrying weights above 50 pounds; and (3) without limitations with regard to standing, walking, or sitting. (R. 240-241).

### B.  Plaintiff's Testimony

Plaintiff testified his back and leg pain is worse some times than others. (R. 40). Plaintiff was told he has high blood pressure, but he takes no medication to treat it because he "never did get to it." (*Id.*). Plaintiff keeps to himself, spending his days walking around and going outside, trying to find something to do to pass the time. (R. 41).

### III.  Standard of Review

In reviewing claims brought under the Social Security Act, a court "is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether

the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). A court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)) (internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin*, 894 F.2d at 1529; *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). Conclusions of law are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec.,* 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin*, 894 F.2d at 1529).

**IV. Discussion**

    **A. The Five-Step Evaluation**

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability. *See* 20 C.F.R. § 416.920; *Bowen v. City of New York*, 476 U.S. 467, 470 (1986). "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for benefits] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The specific steps in the evaluation process and the ALJ's findings for each are as follows:

    1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in "substantial

gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If the claimant is engaged in substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or his age, education, and work experience.  20 C.F.R. § 416.920(a)(4)(I).  Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (R. 16.).

### 2. Severe Impairments

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(a)(4)(ii).  The burden is on the claimant to "provide medical evidence showing ... impairment(s)" and their severity during the time the claimant alleges disability.  20 C.F.R. § 416.912(c).  An impairment is "severe" if it "significantly limits [a] claimant's physical or mental ability to do basic work activities."[2]  *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience."  *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 416.921(a).  A claimant may be found disabled based on

---

[2] Basic work activities include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers, and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 416.921(b)(1)-(6).

a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 416.923.

Here, the ALJ found plaintiff had the severe impairment of mild mental retardation. (R. 16). The ALJ considered plaintiff's complaints of low back pain, obesity, and hypertension to be non-severe impairments. (*Id*.).

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets the duration requirement and whether it is equivalent to any one of the listed impairments. 20 C.F.R. §§ 416.920(a)(4)(iii), (d)-(e); 416.925; 416.926. Listed impairments are so severe that they prevent an individual from performing substantial gainful activity. 20 C.F.R. § 416.925(a); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 (the "Listings"). If the claimant's impairment meets or equals a Listing, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(d).

Here, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled any Listing. (R. 16). The ALJ specifically considered whether plaintiff could meet or equal any of the sections under Listing 12.05. (R. 16-18). As to Listing 12.05C, the ALJ found the plaintiff had no significant work-related limitation in functioning other than his IQ score and, thus, that the requirements were not met. (R. 17). The ALJ also considered the requirements of Listing 12.05D but found no evidence of: (1) marked restrictions in activities of daily living; (2) marked difficulties in social functioning or maintaining concentration, persistence, or pace; or (3) repeated episodes of decompensation. (R. 17-18).

### 4. Residual Functional Capacity and Past Relevant Work

If the impairment does not meet or equal the criteria of any Listing, the claimant must prove the impairment prevents him from performing his past relevant work. *See* 20 C.F.R. § 416.920(a)(4)(iv), (f). At step four, the Commissioner "will first compare [the Commission's] assessment of [the claimant's] residual functional capacity ("RFC") with the physical and mental demands of [the claimant's] past relevant work." 20 C.F.R. § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [him] to learn to do it." 20 C.F.R. § 416.960(b)(1). If the claimant is capable of performing his past relevant work, the Commissioner will find he is not disabled. 20 C.F.R. § § 416.960(b)(3).

Here, the ALJ found plaintiff had the RFC to a full range of work at all exertional levels, limited only by a need for unskilled work with no more than simple work processes and no exposure to unprotected heights, hazardous machinery, or complex decision-making. (R. 18). Considering this RFC, the ALJ determined the plaintiff was unable to perform any of his past relevant work (R. 24).

### 5. Other Work in the National Economy

If the claimant establishes an inability to perform his past relevant work, the Commissioner must show the claimant—in light of his RFC, age, education, and work experience—is capable of performing other work that exists in substantial numbers in the national economy. 20 C.F.R. § 416.960(c)(1)-(2). If the claimant is not capable of performing other work, the Commissioner must find the claimant is disabled. 20 C.F.R. § 416.920(g).

The ALJ consulted a Vocational Expert ("VE") to determine whether any jobs exist in the

national economy that plaintiff could perform, considering his RFC and his vocational factors. (R. 42-43). The VE testified that an individual with plaintiff's RFC and vocational factors could perform jobs which exist in the national economy in significant numbers such as small parts assembler, laundry worker, and hand packager. (R. 43). The ALJ thus determined "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. 24).

### B.  Mr. Cagle's Claim – Presumptive Disability under Listing 12.05C

Plaintiff contends the ALJ erred in not finding him disabled under Listing 12.05C. (Doc. 15 at 2). In order to meet a Listing, a claimant must meet all of the specified medical criteria, and an impairment that fails to do so does not qualify no matter how severely it meets some of the criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Plaintiff bears the burden of demonstrating he meets a Listing. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir.1991). Listing 12.05C requires:

> ....significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrated or supports onset of the impairment before age 22.
>     The required level of severity for this disorder is met when the requirements in A, B, C, or D, are satisfied.
> ....
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt, P, app. 1, § 12.05.

Thus, to meet Listing 12.05 for mental retardation,[3] "a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and

---

[3] Effective September 3, 2013, the term "mental retardation" was replaced with "intellectual disability" in the Listings. *Change in Terminology: "Mental Retardation" to "Intellectual Disability,"* 78 Fed.Reg. 46499–01 (Aug. 1, 2013) (codified at 20 C.F.R. Parts 404 and 416).

(3) have manifested deficits in adaptive behavior before age 22." *Perkins v. Commissioner, Social Sec. Admin.*, 553 Fed. Appx. 870, 872 (11th Cir. 2014) (quoting *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)).  Section C adds the additional requirements of a valid verbal, performance, or full scale IQ of 60 through 70, and an additional and significant work-related limitation of function. *Id*.

Plaintiff alleges the ALJ erred in requiring separate and additional proof of deficits in adaptive functioning which manifested prior to age 22. (Doc. 15 at 6). According to plaintiff, the finding of mild mental retardation alone satisfies Listing 12.05's requirement of deficits in adaptive functioning. (Doc. 15 at 7). Next, plaintiff argues a diagnosis of mental retardation carrying limitations in adaptive functioning satisfies the requirement of deficits in adaptive functioning initially manifested during the developmental period. (Doc. 15 at 8). The ALJ found no evidence of manifestation during the developmental period, as required for Listing 12.05. (R. 22). However, because an IQ of 60 to 70 establishes a rebuttable presumption of manifestation before age 22, *see Hodges v. Barhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001), the court assumes this prong of the Listing was in fact satisfied.[4]

Moving to the second prong for a finding of disability under Listing 12.05C, plaintiff argues he established an additional impairment having more than a minimal effect on his ability to perform basic work activity. (Doc. 15 at 9). Because Dr. Rickless, in completing a PCE, noted plaintiff would have limitations in lifting and carrying, plaintiff argues these restrictions establish an

---

[4] Non-examining Dr. Steven Dobbs, Ph.D., in completing the Psychiatric Review Technique Form (R. 199-216), rated plaintiff under Listing 12.02, for Organic Mental Disorders, rather than 12.05, because of the lack of evidence of mental retardation before age 22 and the possibility that plaintiff's intellectual functioning was the result of past alcohol abuse.  (R. 211).

impairment with more than a minimal effect on his ability to perform work activity. (Doc. 15 at 10). Thus, plaintiff concludes the court should reverse the decision of the ALJ and find the plaintiff eligible for benefits under Listing 12.05C. (Doc. 15 at 11). However, Dr. Rickless stated upon examining the plaintiff that "[h]is primary limitation, if any would be secondary to smoking two packs of cigarettes a day." (R. 248). The PCE not withstanding, Dr. Rickless opined that plaintiff had "no limitations on sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking, or traveling." (*Id*.). This opinion, along with a complete lack of any medical records showing plaintiff sought treatment for back pain, supports the ALJ's determination that obesity, hypertension, and low back pain are non-severe impairments.

For the foregoing reasons, the court finds the decision of the ALJ regarding Listing 12.05 is supported by substantial evidence in the record as a whole.

## V.  Conclusion

Upon review of the administrative record and considering all of Mr. Cagle's arguments, the court finds the Commissioner's decision is supported by substantial evidence and is in accord with the applicable law. Accordingly, the decision of the Commissioner is due to be affirmed. A separate order will be entered.

**DONE** this 26th day of February, 2015.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE